1

2

3

4

5

6

7

8                UNITED STATES BANKRUPTCY COURT
             WESTERN DISTRICT OF WASHINGTON

9

| | |
|---|---|
| In re | |
| FISHING VESSEL OWNERS MARINE WAYS, INC., | Lead Case No. 19-13502 |
| Debtor. | (Jointly Administered with Case No. 19-13504) |
| In re | |
| SEATTLE MACHINE WORKS, | Adv. Case No. _____ |
| Debtor. | |
| FISHING VESSEL OWNERS MARINE WAYS, INC., and SEATTLE MACHINE WORKS, | |
| Plaintiffs, | VERIFIED COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF |
| v. | |
| UNITED STATES SMALL BUSINESS ADMINISTRATION and JOVITA CARRANZA, in her capacity as Administrator for the United States Small Business Administration, | |
| Defendants. | |

VERIFIED COMPLAINT FOR DECLARATORY
JUDGMENT AND INJUNCTIVE RELIEF – Page 1

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

de26k101f8

Fishing Vessel Owners Marine Ways, Inc. ("FVO") and Seattle Machine Works, Inc. ("SMW" and with FVO, the "Debtors"), debtors-in-possession in the above-captioned chapter 11 bankruptcy cases (collectively, the "Chapter 11 Cases"), hereby file this complaint (the "Complaint") against Defendant United States Small Business Administration (the "SBA") acting through Defendant Jovita Carranza in her capacity as the Administrator of the SBA (the "Administrator", and together with the SBA, the "Defendants"), as follows:

## I.    JURISDICTION AND VENUE

1.    The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157, 1331, 1334, 1361, and 2201, and 15 U.S.C. § 634(b).  Jurisdiction is also proper under the judicial review provisions of the Administrative Procedure Act (the "APA"), 5 U.S.C. § 702.

2.    Declaratory and injunctive relief is sought consistent with 5 U.S.C. § 706 and as authorized by 28 U.S.C. § 2201 and 2202.  The award of costs and attorneys' fees against the United States ("United States") generally or against the SBA specifically is sought pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412.

3.    This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

4.    The venue is proper pursuant to 28 U.S.C. §§ 1391, 1408, and 1409.

5.    The Court has the power to grant the relief requested based on §§ 105, 106, and 525 of title 11 of the United States Code, §§ 101 *et seq.* (the "Bankruptcy Code").

6.    The Debtors consent to entry of final orders by this Court in this adversary proceeding.

VERIFIED COMPLAINT FOR DECLARATORY
JUDGMENT AND INJUNCTIVE RELIEF – Page 2

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

de26k101f8

## II. **PARTIES**

7.      Plaintiff FVO is a full-service shipyard and machine shop located on Ballard's Fishermen's Terminal.  FVO was founded in 1919 and has been servicing the Pacific Northwest marine industry for more than 100 years.

8.      Plaintiff SMW is wholly-owned by FVO, and provides FVO and its own customers with machining services and related repair work.  SMW's operations are fully integrated with FVO's services.

9.      Defendant the SBA is an agency of the United States of America whose central office is located at 409 Third Street, SE Washington, D.C. 20416.  The SBA can sue and be sued in a court of competent jurisdiction, including for declaratory relief and damages.  *Mar v. Kleppe*, 520 F.2d 867, 869 (10th Cir. 1975).

10.      Defendant the Administrator can sue and be sued on behalf of the SBA in any court of general jurisdiction under § 106(a)[1] of the Bankruptcy Code and 15 U.S.C. § 634(b),[2] and can be served with process pursuant to Rule 7004(b)(4) and (5) of the Federal Rules of Bankruptcy Procedure by United States First Class Mail as follows:

---

[1] As explained in the legislative history of § 106, although "an order against a governmental unit will not be enforceable by attachment or seizure of government assets[,]" the court "retains ample authority to enforce nonmonetary orders and judgments."  140 Cong. Rec. H10752-01, at H10766, 1994 WL 545773 (Oct. 4, 1994).

[2] Courts have expressly found that the SBA Administrator can be enjoined when she acts beyond the scope of her authority.  *Ulstein Mar., Ltd. v. United States*, 833 F.2d 1052, 1057 (1st Cir. 1987) ("The no injunction language protects the agency from interference with its internal workings . . . but . . . should not be interpreted as a bar to judicial review of agency actions that exceed agency authority where the remedies would not interfere with internal agency operations.").

VERIFIED COMPLAINT FOR DECLARATORY
JUDGMENT AND INJUNCTIVE RELIEF – Page 3

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

de26k101f8

Jovita Carranza
U.S. Small Business Administration
409 3rd Street S.W.
Washington, D.C. 20416

Kerrie Hurd
U.S. Small Business Administration
2401 4th Ave., Suite 450
Seattle, WA 98121

Brian T. Moran
U.S. Attorney
Attn: Civil Process Clerk
Western District of Washington
Office of the U.S. Attorney
700 Stewart Street, Suite 5220
Seattle, WA 98101-1271

Attorney General of the United States
Attn: Civil Process
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530-0001

Additionally, a copy can be served by e-mail to the following individuals:

Dominique V. Sinesi
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
dominique.sinesi@usdoj.gov

Mark Costello
Deputy District Director
Washington District Office
U.S. Small Business Administration
mark.costello@sba.gov

## III. **SUMMARY OF RELIEF REQUESTED**

10.     This adversary proceeding arises out of Mountain Pacific Bank's denial, at the

direction of the SBA acting through the Administrator, of the Debtors' applications for loans under

VERIFIED COMPLAINT FOR DECLARATORY
JUDGMENT AND INJUNCTIVE RELIEF – Page 4

Bush Kornfeld llp
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

de26k101f8

the Paycheck Protection Program ("PPP") solely because the applicants are debtors in bankruptcy. The Debtors seek to have the SBA and the Administrator enjoined from their improper and unlawful administration of the PPP, which Congress enacted and the President signed as part of the Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act"). The CARES Act included stimulus funds designed to assist businesses and to ensure that American workers continue to be paid despite the economic impact of the Novel Coronavirus ("Covid-19") and social distancing measures. Section 1102 of the CARES Act establishes PPP as a convertible loan program under § 7(a) of the Small Business Act, codified in 15 U.S.C § 636. While nominally called a "loan,"[3] PPP disbursements are treated as grants—and there are no repayment obligations—if, among other things, a certain percentage of PPP funds are used for payroll and wage expenses, interest on mortgages, rent, or utilities. Importantly, neither the CARES Act, the Small Business Act, nor any other applicable law or regulation prohibits the granting of PPP funds to bankruptcy debtors, with the exception of an SBA rule issued and published after the Debtors submitted their PPP Applications (defined herein). Nevertheless, the Defendants, acting through Mountain Pacific Bank, denied the Debtors access to PPP disbursements on the sole basis that the Debtors are in bankruptcy, and in so doing have exceeded their statutory authority and improperly, unfairly, arbitrarily, capriciously, and unlawfully discriminated against the Debtors.

11.     Therefore, the Debtors seek, among other relief more fully described herein, an order requiring the Defendants and all agents, servants, employees, and any parties acting in concert with any of the foregoing (the "Restrained Parties") to consider the Debtors' Applications (defined herein)

---

[3] The Debtors' use of the term "loan" or "loans" herein is not intended to waive or diminish its contention that PPP is in reality a support/grant program.

VERIFIED COMPLAINT FOR DECLARATORY
JUDGMENT AND INJUNCTIVE RELIEF – Page 5

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

and any related forms, applications, or other documents[4] without any consideration of the involvement of the Debtors or any owner of the Debtors in any bankruptcy. The Debtors also seek an order requiring the Restrained Parties to refrain from making or conditioning the approval of any PPP funds to the Debtors contingent on the Debtors or any owner of the Debtors not being "presently involved in any bankruptcy." The Debtors also seek an order requiring the Restrained Parties to earmark and segregate sufficient funds to pay the full amount requested in their PPP Applications so as to avoid irreparable harm to the Debtors from the applicable fund being exhausted prior to the Court's ruling on these matters. In addition, the Debtors seek declaratory relief relating to the Defendants' violations of the APA and § 525(a) of the Bankruptcy Code. The Debtors also seek damages and an award of their costs and attorneys' fees against the United States generally, or against the Defendants specifically, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, among other things.

## IV. **BACKGROUND**

### A. **General Background.**

1. The Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code on May 6, 2019 (the "Petition Date"). These Chapter 11 Cases are currently being jointly administered before the Court. [Lead Docket No. 10]. Since the Petition Date, the Debtors have been operating their businesses as debtors in possession pursuant to §§1107 and 1108.

2. Additional background facts on the Debtors, including an overview of the Debtors' business and events leading up to these Chapter 11 Cases, are contained in the Declaration of Dan Payne [Docket No. 11] (the "Payne Declaration").

---

[4] This includes the Lender Application (defined below).

VERIFIED COMPLAINT FOR DECLARATORY
JUDGMENT AND INJUNCTIVE RELIEF – Page 6

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

de26k101f8

**B.  Impact of the Coronavirus on the Debtors' Operations.**

3.  The world is currently experiencing a global pandemic brought on by widespread transmission of the Novel Coronavirus ("Covid-19").  Since early 2020, the U.S., including the State of Washington, has been taking steps to mitigate Covid-19's impact on the health of U.S. citizens and to "flatten the curve."  Specifically, governments and local communities are working to employ strategies of quarantine and social distancing among residents in an attempt to slow the spread of the virus and give health care providers time to prepare resources for acute patients suffering from the disease. *See, e.g.*, Washington State, "*Coronavirus Response*," https://coronavirus.wa.gov/what-you-need-know/whats-open-and-closed (last visited on May 12, 2020).

4.  Like many Washington businesses, the Debtors have been financially affected by the federal, state, and local government self-quarantine and social distancing orders issued in response to the novel coronavirus COVID-19 pandemic.  The resulting social and economic interruptions have and continue to have a significant negative impact on the Debtors' cash position.  Even after restrictions lift, the Debtors anticipate significant issues related to the shutdowns and subsequent business interruptions.

**C.  The CARES Act and the SBA's Denial of the Debtors' PPP Applications.**

5.  Prior to the enactment of the CARES Act, the "SBA 7(a) Loan" was the SBA's primary loan program for providing financial assistance to small businesses.  Under typical circumstances, the SBA 7(a) Loan (under the pre-CARES Act requirement) required that the applicant meet, among other things, the credit requirements detailed in 13 CFR § 120.150.  In that regard, 13 CFR § 120.150 lists the following criterion:

> The applicant (including an Operating Company) must be creditworthy.  Loans must be so sound as to reasonably assure repayment.  SBA will consider:

VERIFIED COMPLAINT FOR DECLARATORY
JUDGMENT AND INJUNCTIVE RELIEF – Page 7

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

de26k101f8

(a) Character, reputation, and credit history of the applicant (and the Operating Company, if applicable), its Associates, and guarantors;
(b) Experience and depth of management;
(c) Strength of the business;
(d) Past earnings, projected cash flow, and future prospects;
(e) Ability to repay the loan with earnings from the business;
(f) Sufficient invested equity to operate on a sound financial basis;
(g) Potential for long-term success;
(h) Nature and value of collateral (although inadequate collateral will not be the sole reason for denial of a loan request); and
(i) The effect any affiliates (as defined in part 121 of this chapter) may have on the ultimate repayment ability of the applicant.

6. While there is no *per se* listed exclusion of a bankruptcy debtor participating in the prior SBA 7(a) Loan program, when these criteria are coupled with the requirements that the associated lending institution practice appropriate diligence and credit assessment, the effect was *de facto* exclusion of any bankruptcy debtors from securing an SBA 7(a) Loan.

7. On or about March 27, 2020, Congress enacted and the President signed the CARES Act.

8. The CARES Act included stimulus funds designed to assist businesses and to ensure that American workers continue to be paid despite the economic impact of Covid-19 and social distancing measures.

9. Section 1102 of the CARES Act establishes PPP as a convertible loan program under § 7(a) of the Small Business Act, codified at 15 U.S.C § 636. While nominally called a "loan," PPP disbursements are treated as grants—and there are no repayment obligations—if, among other things, seventy-five percent (75%) of PPP funds are used for payroll and wage expenses, interest on mortgages, rent, or utilities.[5]

---

[5] Funds not used in conformity with this ratio would be required to be repaid, but at a low, fixed interest rate, with payments deferred for up to a year. *See* § 1102(g) of the CARES Act.

VERIFIED COMPLAINT FOR DECLARATORY
JUDGMENT AND INJUNCTIVE RELIEF – Page 8

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

de26k101f8

10. A qualified borrower may receive PPP funds equal to two-and-a-half (2.5) times its average monthly payroll, up to a limit of $10 million. A borrower need not exhaust its other credit options prior to receiving PPP funds.

11. A borrower can obtain funds under PPP by applying with any federally insured participating lender using an application form created by the SBA, and the SBA guarantees the loan.

12. The entire purpose of the program is to provide grants to companies in order to ensure that workers can be paid. The CARES Act specifically waives all underwriting considerations under § 7(a) of the Small Business Act. There is no evaluation of risk because there is no expectation of repayment, provided funds are used for permitted purposes. All small businesses have a right to apply for PPP funds.

13. Section 1114 of the CARES Act grants the SBA emergency rule making authority and charges the SBA to issue regulations to carry out certain of the programs contemplated in the CARES Act, including PPP.

14. On April 2, 2020, the SBA and the Administrator issued an interim final rule (the "First Interim Rule") providing guidance on, *inter alia*, the eligibility requirements to receive funds under PPP. The First Interim Rule adopts the eligibility standards contained in 13 CFR § 120.110, as further described in the SBA's Standard Operating Procedure 50-10, subpart B, Chapter 2 (the "SOP 50-10"). *See* First Interim Rule, 2(c) ("Businesses that are not eligible for PPP loans are identified in 13 CFR 120.110 and described further in SBA's Standard Operating Procedure").

15. The SOP 50-10 provides that in order to be eligible for a small business loan, an applicant must: "be an operating business;" "be organized for profit;" "be located in the United States

VERIFIED COMPLAINT FOR DECLARATORY
JUDGMENT AND INJUNCTIVE RELIEF – Page 9

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

de26k101f8

(including its territories and possessions);" "be small under SBA size requirements;" and "demonstrate the need for desired credit." *See* SOP 50-10, pp. 91-104.

16. The SOP-50-10 expressly states that the types of businesses listed as ineligible in 13 CFR § 120-110 are not eligible for an SBA loan. Importantly, bankruptcy debtors are not listed as ineligible businesses in 13 CFR § CFR 120-110 and the SOP 50-10. *See* SOP 50-10, pp. 104-117.

17. The First Interim Rule also states that "[t]he program requirements of PPP identified in this rule temporarily supersede any conflicting Loan Program Requirement (as defined in 13 CFR 120.10)."

18. The First Interim Rule contains no explicit or implicit exclusion for debtors. The SBA and the Administrator published the First Interim Rule on April 15, 2020.

19. On April 2, 2020, in conjunction with issuing the First Interim Rule, the SBA and the Administrator released Official SBA Form 2483, titled "Paycheck Protection Program Borrower Application Form," which is the SBA's official form that borrowers must submit in connection with a PPP funds request. Other than filling out the official form of application, there is no underwriting, and the Administrator is relying upon assistance of commercial lenders acting in concert with the SBA to administer PPP.

20. Even though no law, regulation, or rule of any kind (including § 1102 of the CARES Act or the First Interim Rule) disqualified or authorized the SBA or the Administrator to disqualify bankruptcy debtors from participating in PPP, Official SBA Form 2483 asks whether "the Applicant . . . [is] presently involved in any bankruptcy" and then goes on to state that answering "yes" to that question means a request for PPP funds will not be approved.

21. In addition, the SBA and the Administrator released Official SBA Form 2484, titled

VERIFIED COMPLAINT FOR DECLARATORY
JUDGMENT AND INJUNCTIVE RELIEF – Page 10

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

de26k101f8

"Lender Application Form–Paycheck Protection Program Loan Guaranty," which is the SBA's official form that lenders must submit to the SBA in connection with a PPP funds request (the "Lender Application" and, together with the PPP application, the "PPP Applications").

22. The Lender Application asks the lender whether "[t]he Applicant has certified to the Lender that neither the Applicant nor any owner (as defined in the Applicant's SBA Form 2483) is . . . presently involved in any bankruptcy." The Lender Application states that if the lender answers "no" to this question, "the loan cannot be approved."

23. On or about April 4, 2020, the SBA and the Administrator issued a supplemental interim final rule (the "Second Interim Rule") providing further guidance on PPP. Like the First Interim Rule, the Second Interim Rule does not state that bankruptcy debtors are ineligible for PPP funds. On April 15, 2020, the SBA and the Administrator published the Second Interim Rule.

24. On April 14, 2020, the SBA issued a third interim final rule (the "Third Interim Rule"). Not only does the Third Interim Rule make no mention of bankruptcy debtors, but it specifically states, "The Administrator recognizes that, unlike other SBA loan programs, the financial terms for PPP Loans are uniform for *all* borrowers, and the standard underwriting process does not apply because no creditworthiness assessment is required for PPP Loans." (emphasis added) On April 20, 2020, the SBA and the Administrator published the Third Interim Rule.

25. The Debtors are precisely the sort of business PPP was enacted to protect: They are a small business (as defined by the SBA) and are attempting to obtain funding to meet payroll for their employees, among other permitted uses. However, due to what appears to be a completely arbitrary, capricious and discriminatory requirement imposed by the SBA and the Administrator, the Debtors are ineligible to participate based solely on their status as a debtor under the Bankruptcy Code. The

VERIFIED COMPLAINT FOR DECLARATORY
JUDGMENT AND INJUNCTIVE RELIEF – Page 11

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

1    Debtors otherwise meet the criteria for eligibility to participate in PPP.

2        26.  On April 17, 2020, SMW submitted an application to Mountain Pacific Bank to apply for

3    PPP funds, which are funds are available on a first come, first served basis (the "SMW PPP

4    Application").

5        27.  Based on an average monthly payroll for its 4 employees, the SMW Application requests

6    a total of $36,688.00 to be used for solely for payroll and costs related to the continuation of benefits

7    for SMW employees.

8        28.  The Debtor sized its request for PPP funds to ensure that the funds would be treated as a

9    grant and be forgivable.  To the extent any portion of the funds requested by the Debtor would exceed

10   the amount to be forgiven, the Debtors intend to immediately repay that amount.  The Debtors also

11   intend to use the PPP funds in such a manner that they would be eligible for forgiveness under the

12   PPP.

13       29.  Mountain Pacific Bank denied the application on the basis that (1) first tranche of PPP

14   funding has been completely exhausted on April 16, 2020 and (2) because of the Debtors' status as a

15   Chapter 11 Debtor.

16       30.  On or about April 23, 2020, Congress enacted legislation making additional funds

17   available for PPP.  This second tranche of funding has not yet been exhausted.

18       31.  On April 23, FVO submitted an application to Mountain Pacific Bank to apply for PPP

19   funds (the "FVO PPP Application").  Based on an average monthly payroll for its 31 employees, the

20   SMW Application requests a total of $251,572.00 to be used for solely for payroll and costs related to

21   the continuation of benefits for FVO employees.

22       32.  That same day, a representative of Mountain Pacific Bank informed the Debtor by

23

VERIFIED COMPLAINT FOR DECLARATORY
JUDGMENT AND INJUNCTIVE RELIEF – Page 12

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

de26k101f8

telephone that the bank was denying its Application solely because of the Debtors' status as a Chapter 11 Debtor. *See* Payne Declaration.

33. The Debtors did not receive a written denial of the SMW Application or the FVO PPP Application.

34. On April 24, 2020, the SBA and the Administrator proposed another interim final rule (the "Fourth Interim Rule") with respect to PPP that states "[i]f the applicant or the owner of the applicant is the debtor in a bankruptcy proceeding, either at the time it submits the application or at any time before the loan is disbursed, the applicant is ineligible to receive a PPP loan." The stated basis for this rule is that the Administrator "determined that providing PPP loans to debtors in bankruptcy would present an unacceptably high risk of an unauthorized use of funds or non-repayment of unforgiven loans." The SBA and the Administrator published the Fourth Interim Rule on April 28, 2020.

35. The Debtors understand that Mountain Pacific Bank is willing to advance funds through PPP if the Applications (or a subsequently amended applications) can be processed and approved as meeting the SBA's criteria.

36. The Fourth Interim Rule had not been proposed at the time the Debtors submitted their Applications or when the SBA and the Administrator's guidelines prompted Mountain Pacific Bank to deny the Applications. One of the interim final rules in effect at the time the Debtors submitted their Applications, the First Interim Rule, states that "[t]he program requirements of PPP identified in this rule temporarily supersede any conflicting Loan Program Requirement (as defined in 13 CFR 120.10)." The CARES Act, the Small Business Act, the First Interim Rule, the Second Interim Rule, and the Third Interim Rule contained no exclusion against debtors receiving PPP funds.

37. The PPP funds are critical to the Debtors' ability to continue to operate their businesses.

VERIFIED COMPLAINT FOR DECLARATORY
JUDGMENT AND INJUNCTIVE RELIEF – Page 13

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

de26k101f8

The Debtors are losing significant income during the Covid-19 crisis. The Debtors already missed out on the first tranche of PPP funding, and the second tranche is expected to be depleted quickly. *See, e.g.*, Robin Saks Frankel, *The Paycheck Protection Program Ran Out Of Funding. What's Next For Small Business Owners?*, FORBES, (April 16, 2020, 5:44 PM) (noting that the first tranche of PPP funding ran out in 14 days), *available at* https://www.forbes.com/sites/advisor/2020/04/16/the-paycheck-protection-program-ran-out-of-funding-whats-next-for-small-business-owners/#1b5be58c7440; Stephen Gandel, *Round 2 Of Paycheck Protection Program Starts. Better Hurry*, CBS News (April 28, 2020, 6:43 AM), *available at* https://www.cbsnews.com/news/paycheck-protection-programsmall-business-lending-round-2/.

38. The Debtors are eligible borrowers under PPP and seek to ensure adequate funds are available under this second tranche of PPP funding once their discrimination claims are resolved.

## V. CAUSES OF ACTION.

### FIRST CAUSE OF ACTION: Preliminary and Permanent Injunction

39. The Debtors incorporate the allegations in each of the preceding paragraphs as if set forth fully herein.

40. The Debtors are entitled to seek relief against the SBA, the Administrator, and the Restrained Parties acting in concert with the Defendants under Rule 65 of the Federal Rules of Civil Procedure, which is applicable to this action pursuant to Rule 7065 of the Federal Rules of Bankruptcy Procedure.

41. There is no prohibition in the CARES Act or under § 7(a) of the Small Business Act prohibiting lending to debtors.

42. The CARES Act specifically waives all underwriting considerations under § 7(a) of the

VERIFIED COMPLAINT FOR DECLARATORY
JUDGMENT AND INJUNCTIVE RELIEF – Page 14

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

1    Small Business Act.

2        43.   The Debtors are likely to prevail on the merits of their claim for an injunction as well as

3    for declaratory relief.

4        44.   The balance of hardships favors issuance of preliminary injunctive relief.  The inability to

5    obtain PPP funds could cause the Debtors to suffer immediate and irreparable harm to the Debtors'

6    ability to pay their employees.  Preliminary and permanent injunctive relief while this matter is

7    pending will not harm the SBA, the Administrator, or the Restrained Parties.

8        45.   The Debtors seek an order enjoining the SBA, the Administrator, the Restrained Parties,

9    including any commercial lender provided notice of the Court's order, *see* Fed. R. Civ. P. 65(d)(2)(C),

10   from denying any application under PPP on the basis that the applicant is a debtor in bankruptcy and

11   requiring that any application of the Debtors to participate in PPP be considered without the words

12   "presently involved in any bankruptcy" being considered.

13       46.   Due to the "first come, first served" nature of PPP appropriations, the Debtors further seek

14   an order enjoining the SBA, the Administrator, and the Restrained Parties from issuing loan

15   guaranties or approving PPP Applications in an amount that would leave insufficient funds for the

16   Debtors' funding pursuant to the Applications (or any subsequent applications filed shortly hereafter)

17   until the Debtors' claims in this Complaint are resolved.

18                    **SECOND CAUSE OF ACTION: Declaratory Relief**

19       47.   The Debtors incorporate each of the preceding paragraphs as if set forth fully herein.

20       48.   The Debtors are entitled to seek declaratory relief pursuant to 28 U.S.C. § 2201 and Rule

21   7001(9) of the Federal Rules of Bankruptcy Procedure.

22       49.   Neither the CARES Act nor the Small Business Act prohibit disbursements under PPP to

23

VERIFIED COMPLAINT FOR DECLARATORY
JUDGMENT AND INJUNCTIVE RELIEF – Page 15

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

de26k101f8

the Debtors based on their status as debtors under chapter 11 of the Bankruptcy Code.

50. The Debtors have a legal right to apply for funds under PPP and to have their Applications (or any amended applications) considered on the same terms as other applicants without regard to their status as debtors under chapter 11 of the Bankruptcy Code.

51. By prohibiting Mountain Pacific Bank from processing the Applications, and by prohibiting disbursements to debtors under PPP, the SBA and the Administrator have exceeded their statutory authority.

52. The Debtors are entitled to a declaratory judgment that the CARES Act requires their Applications to be considered on the same terms as other qualified businesses that are not presently debtors in cases arising under the Bankruptcy Code.

**THIRD CAUSE OF ACTION: Violation of 11 U.S.C. § 525(a) – Discriminatory Treatment**

53. The Debtors incorporate each of the preceding paragraphs as if set forth fully herein.

54. Section 525(a) of the Bankruptcy Code prohibits the federal government from discriminating against a person based on that person's status as a debtor with respect to a "license, permit, charter, franchise, or other similar grant[.]" Section 525(a)'s list is illustrative, and not exhaustive. Courts have applied § 525(a) to matters involving government contracts, student loan applications, public housing, insurance, public mortgage financing, utility service, building permits, employment termination, and agricultural subsidies. *See generally Rees v. Employment Security Commission of Wyoming* (*In re Rees*), 61 B.R. 114, 120 (Bankr. D. Utah 1986) (collecting cases).

55. The Debtors are debtors under chapter 11 of the Bankruptcy Code.

56. PPP constitutes a federal program within the meaning of § 525(a) of the Bankruptcy Code in that the program is designed to provide forgivable loans to qualified businesses that are akin to

VERIFIED COMPLAINT FOR DECLARATORY
JUDGMENT AND INJUNCTIVE RELIEF – Page 16

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

de26k101f8

grants.

57. The Debtors are each a small business within the meaning of the CARES Act and are eligible to participate in the funding of forgivable loans, which are functionally grants, under PPP.

58. The Debtors have, in fact, sized their PPP funding request to be forgivable and, to the extent any funds would not qualify for forgiveness, intend to immediately repay (and there is no prepayment penalty under PPP).

59. The denials of the Debtors' PPP Applications solely on the basis of the Debtors' chapter 11 status demonstrate that the SBA and the Administrator have violated § 525(a) of the Bankruptcy Code with respect to the Debtors.

60. The disavowal by the SBA and the Administrator of any concern for creditworthiness as set forth in the Third Interim Rule cuts directly against any argument they might make that their exclusion of bankruptcy debtors is motivated by a concern regarding creditworthiness.

61. But for their status as debtors in bankruptcy, the Debtors are otherwise qualified for PPP funds.

62. The SBA has clearly violated, and continues to violate, § 525(a) of the Bankruptcy Code by discriminating against debtors in bankruptcy.

63. The SBA did not adopt the Fourth Interim Rule until after Mountain Pacific Bank denied the Debtors' applications solely on the basis of their status as debtors in bankruptcy.

64. Even if it had been adopted earlier, the Fourth Interim Rule is not based on any specific facts and arbitrarily presumes *all* debtors either mismanage estate funds or are or commit fraud. It also ignores that the Debtors, like all chapter 11 debtors, are subjected to substantial reporting requirements and are under significant oversight from this Court, the U.S. Trustee and the general

VERIFIED COMPLAINT FOR DECLARATORY
JUDGMENT AND INJUNCTIVE RELIEF – Page 17

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

de26k101f8

1    creditor body.

2    65. The "bankruptcy disqualification" provisions of PPP Applications are denying the Debtors

3    an opportunity to reorganize and to retain their employees, many of whom are crucial to the Debtors'

4    ability to maintain business operations.

5    66. The SBA's violation of § 525(a) is causing ongoing harm to the Debtors.

6    **FOURTH CAUSE OF ACTION: APA – Exceeding Statutory Authority**

7    67. The Debtors incorporate each of the preceding paragraphs as if set forth fully herein.

8    68. Under the APA, courts must "hold unlawful and set aside agency action" that is "in excess

9    of statutory jurisdiction, authority, or limitations, or short of statutory right." 5 U.S.C. § 706(c)(2).

10    69. The SBA and the Administrator may only exercise the authority conferred upon them by

11    statute.

12    70. No law, regulation, or rule of any kind disqualifies, or authorizes the SBA or the

13    Administrator to disqualify, bankruptcy debtors from participating in PPP.

14    71. Without authority, the SBA and the Administrator issued PPP Applications that state that

15    PPP funds will not be approved if the applicant is "presently involved in any bankruptcy." The SBA

16    and the Administrator's implementation of PPP in a manner that causes debtors in bankruptcy,

17    including the Debtors, to be automatically ineligible is "in excess of statutory jurisdiction, authority,

18    or limitations, or short of statutory right," in violation of the APA.

19    72. The SBA and the Administrator have made a final determination with respect to the

20    issuance of PPP Applications and the arbitrary exclusion of bankruptcy debtors from the benefits and

21    protections of PPP.

22

23

VERIFIED COMPLAINT FOR DECLARATORY
JUDGMENT AND INJUNCTIVE RELIEF – Page 18

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

de26k101f8

73. On information and belief, there are no administrative appeals or remedies available to the Debtors to seek review of the SBA and the Administrator's determination to issue PPP Applications and their exclusion of bankruptcy debtors.

74. The SBA and the Administrator's violation of the APA is causing ongoing harm to the Debtors.

75. The Debtors are entitled to a declaratory judgment that the SBA and the Administrator's implementation of PPP in a manner that causes debtors in bankruptcy, including the Debtors, to be ineligible is "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right," in violation of the APA.

76. The Debtors have no adequate remedy at law.

### FIFTH CAUSE OF ACTION: APA – Arbitrary and Capricious

77. The Debtors incorporate each of the preceding paragraphs as if set forth fully herein.

78. The APA provides that courts must "hold unlawful and set aside" agency action that is "arbitrary, capricious, [or] an abuse of discretion." 5 U.S.C. §706(2)(A).

79. The SBA has adopted a policy of automatically disqualifying bankruptcy debtors from participating in PPP, and has designed PPP Applications to carry out this policy.

80. No law, regulation, or rule of any kind disqualifies, or authorizes the SBA or the Administrator to disqualify, bankruptcy debtors from participating in PPP.

81. The Debtors are precisely the sort of business targeted by PPP – a small business in a hard hit area of the economy struggling to meet their payroll obligations and remain operational. The SBA and the Administrator's automatic disqualification of the Debtors runs completely counter to the mandate of PPP.

VERIFIED COMPLAINT FOR DECLARATORY
JUDGMENT AND INJUNCTIVE RELIEF – Page 19

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

82. The SBA and the Administrator's implementation of PPP in a manner that causes debtors in bankruptcy, including the Debtors, to be ineligible is therefore "arbitrary, capricious, [or] an abuse of discretion" in violation of the APA. 5 U.S.C. §706(2)(A).

83. The SBA and the Administrator have made a final determination with respect to the issuance of PPP Applications and their arbitrary and unjustifiable exclusion of bankruptcy debtors from participating in PPP.

84. On information and belief, there are no administrative appeals or remedies available to the Debtors to seek review of the SBA and the Administrator's determination to issue PPP Applications and their arbitrary exclusion of bankruptcy debtors.

85. The SBA and the Administrator's violation of the APA is causing ongoing harm to the Debtors.

86. The Debtors are entitled to a declaratory judgment that the SBA and the Administrator's implementation of PPP in a manner that causes debtors in bankruptcy, including the Debtors, to be ineligible is "arbitrary, capricious, [or] an abuse of discretion" in violation of the APA.

87. The Debtors have no adequate remedy at law.

**SIXTH CAUSE OF ACTION: Declaration Regarding Interpretation of Ambiguous Language**

88. The Debtors incorporate each of the preceding paragraphs as if set forth fully herein.

89. PPP Applications state that any applicant "presently involved in any bankruptcy" is ineligible to participate in PPP.

90. The phrase "involved in any bankruptcy" is overly broad, vague, and difficult to apply. If given its plain meaning, this phrase would disqualify any applicant who is a creditor or vendor to a debtor in a bankruptcy case, or even just a party in interest of any kind. This interpretation would be

VERIFIED COMPLAINT FOR DECLARATORY
JUDGMENT AND INJUNCTIVE RELIEF – Page 20

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

de26k101f8

nonsensical, and should be avoided. *See, e.g.*, *In re Kaiser Aluminum Corp.*, 456 F.3d 328, 338 (3d Cir. 2006) ("A basic tenet of statutory construction is that courts should interpret a law to avoid absurd or bizarre results.").

91. The phrase "involved in any bankruptcy" is therefore ambiguous, as its intended scope is unclear. *See, e.g.*, *In re Idleaire Technologies Corp.*, No. 08-10960, 2009 WL 4131117, *8 (Bankr. D. Del. Feb. 18, 2009) (stating that language can be considered ambiguous when applying plain meaning would lead to absurd result).

92. Where language in a statute is ambiguous, a court may look to legislative intent to determine the meaning. *See, e.g.*, *Kaiser Aluminum*, 456 F.3d at 338 ("It is true that interpretations of a statute which would produce absurd results are to be avoided if alternative interpretations consistent with the legislative purpose are available.") (quoting *Griffin v. Oceanic Contractors, Inc.*, 548 U.S. 564, 575, 102 S.Ct. 3245, 3252 (1982)).

93. In a press release accompanying the unveiling of PPP, the SBA itself described the purpose of the program:

> These loans will bring immediate economic relief and eight weeks of financial certainty to millions of small businesses and their employees," SBA Administrator Carranza said. "We urge every struggling small business to take advantage of this unprecedented federal resource – their viability is critically important to their employees, their community, and the country.[6]

94. The goal of making PPP funds available to "every struggling small business" would best be achieved by applying as narrow an interpretation as possible of the phrase "involved in any bankruptcy." Interpreting this phrase as an across-the-board disqualification of struggling–but–

---

[6] SBA, "*SBA's Paycheck Protection Program for Small Businesses Affected by the Coronavirus Pandemic Launches*," (April 3, 2020) available at https://www.sba.gov/about-sba/sba-newsroom/press-

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

potentially–viable–businesses such as debtors in possession under the Bankruptcy Code would be demonstrably at odds with the intent of PPP as expressed by the Administrator.

95. Instead, the Debtors submit that of the possible interpretations of the phrase "involved in any bankruptcy," the one most consistent with the purpose of PPP would apply the phrase only to *chapter 7* debtors. These businesses, by definition, have already ceased operations, are in the process of liquidation, and are beyond rescue.

96. No principled distinction can be made between a chapter 11 debtor in possession and any other "struggling small business." In fact, businesses having the characteristics of most debtors in possession are among the core targets of PPP.

97. Accordingly, the best-fit interpretation of the phrase "involved in any bankruptcy," should not disqualify chapter 11 debtors in possession from PPP.

## NO BOND IS REQUIRED

98. Due to the nature of this request, no bond is required for the enforcement of an injunction, and under these circumstances, no bond should be required for the temporary emergency relief sought by way of Rule 7065 of the Federal Rules of Bankruptcy Procedure. *See, e.g.*, *Mississippi Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618 (5th Cir 1985); 7 MOORE'S FEDERAL PRACTICE ¶ 65.04[1] at 65-38.

## VI. RELIEF REQUESTED

99. The Debtors seek the following relief:

a. That the Court enter a preliminary injunction enjoining the SBA, the Administrator, the Restrained Parties, or any commercial lender from denying an application

releases-media-advisories/sbas-paycheck-protection-program-small-businesses-affected-coronavirus-pandemic-

VERIFIED COMPLAINT FOR DECLARATORY
JUDGMENT AND INJUNCTIVE RELIEF – Page 22

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

de26k101f8

under PPP funds on the basis that the applicant is a debtor in bankruptcy or because of the words "presently involved in any bankruptcy" on the PPP Application. The Debtors request that this relief be granted until such time as a final judgment is entered on each of their claims;

b. That the Court enter a preliminary injunction enjoining the SBA and the Administrator from issuing loan guaranties or approving PPP Applications in an amount that would leave insufficient funds for the Debtors' funding pursuant to the Applications (or any amended applications) until entry of final judgment on each of the Debtors' claims;

c. That the Court enter permanent injunctive relief with respect to the relief in the two immediately preceding sub-paragraphs;

d. That the Court enter a declaratory judgment that the CARES Act does not prohibit the Applications (or any amended applications) from being considered on the same terms as other qualified businesses that are not debtors in cases arising under the Bankruptcy Code and which are also seeking PPP funding;

e. That the Court enter an order determining that the SBA and the Administrator have violated § 525(a) of the Bankruptcy Code with respect to the Debtors' Applications;

f. That the Court enter an order determining that the SBA and the Administrator have violated § 525(a) of the Bankruptcy Code by issuing its Fourth Interim Rule and promulgating PPP Applications excluding debtors;

g. That the Court award damages in an amount not less than $288,268.00 in the event that the Court does not grant the relief requested in the First Cause of Action on a temporary or preliminary basis and it is later determined that the Debtors were eligible for PPP

launches.

VERIFIED COMPLAINT FOR DECLARATORY
JUDGMENT AND INJUNCTIVE RELIEF – Page 23

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

de26k101f8

funds but none remains available;

h.　　　That the Court enter a declaratory judgment that the SBA and the Administrator's implementation of PPP in a manner that causes debtors in bankruptcy, including the Debtors, to be ineligible is "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right," in violation of the APA;

i.　　　That the Court enter a declaratory judgment that the SBA and the Administrator's implementation of PPP in a manner that causes debtors in bankruptcy, including the Debtors, to be ineligible is "arbitrary, capricious, [or] an abuse of discretion" in violation of the APA;

j.　　　That the Court issue a writ of mandamus under 28 U.S.C. § 1361 to compel the SBA and the Administrator to remove from all PPP Applications all purported prohibitions against debtors in bankruptcy participating in PPP and to process the Debtors' Applications without regard to their status as debtors in bankruptcy;

k.　　　That the Court award damages in an amount not less than $288,268.00 in the event that the Court does not grant the relief requested in the First Cause of Action on a temporary or preliminary basis and it is later determined that the Debtors were eligible for PPP funds but none remains available;

l.　　　That the Court make a determination that the SBA and the Administrator's use of the phrase "involved in any bankruptcy" in the Fourth Interim Rule and the PPP Applications is overly broad, vague, and difficult to apply, and therefore ambiguous;

m.　　　That the Court enter a declaratory judgment stating that the questions in the PPP Applications that ask whether the Applicant is "presently involved in any bankruptcy"

VERIFIED COMPLAINT FOR DECLARATORY
JUDGMENT AND INJUNCTIVE RELIEF – Page 24

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

de26k101f8

shall be interpreted as asking only whether the applicant is a debtor in a case under chapter 7 of the Bankruptcy Code;

        n.        That the Court award damages in an amount not less than $288,268.00 in the event that the Court does not grant the relief requested in the First Cause of Action on a temporary or preliminary basis and it is later determined that the Debtors were eligible for PPP funds but none remain available; and

100.    With respect to each Cause of Action, the Debtors request that they be awarded attorneys' fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(b). *See Murkeldove v. Astrue*, 635 F.3d 784 (5th Cir. 2011); *In re Transcon Lines*, 178 B.R. 228, 232 (Bankr. C.D. Cal. 1995) ("bankruptcy court has jurisdiction to award fees" under EAJA).

The Debtors also request any other and further relief be granted that may be appropriate.

DATED this 4th day of June, 2020.

                BUSH KORNFELD LLP


                By /s/ *James L. Day*
                  James L. Day, WSBA #20474
                  Attorneys for Debtors

VERIFIED COMPLAINT FOR DECLARATORY
JUDGMENT AND INJUNCTIVE RELIEF – Page 25

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

de26k101f8

## **VERIFICATION OF DAN PAYNE**

I, Dan Payne, submit this Verification in support of the complaint (the "Complaint") the Debtors have filed against Defendants United States Small Business Administration and Jovita Carranza in her capacity as the Administrator of the SBA and hereby state and declare as follows: I am the President of Fishing Vessel Owners Marine Ways, Inc. ("FVO") and Seattle Machine Works, Inc. ("SMW").

I declare under penalty of perjury under the laws of the United States of America that the allegations in Paragraphs 1 through 105 of the foregoing Verified Complaint that related to FVO and/or SMW are true and accurate, to the best of my knowledge and belief, and, if not based on my own personal knowledge, that I believe such allegations to be true and correct.

DATED this 4th day of June, 2020.

By /s/ Dan Payne
   Dan Payne, President
Fishing Vessel Owners Marine Ways, Inc., and
Seattle Machine Works, Inc.

VERIFIED COMPLAINT FOR DECLARATORY
JUDGMENT AND INJUNCTIVE RELIEF – Page 26

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

de26k101f8